SNYDER MOSER, PLAINTIFF-RESPONDENT, v. MILNER HOTELS, INC., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 22, 1950—Decided June 1, 1950.

Before Judges JACOBS, DONGES and BIGELOW.

*Mr. Nathan N. Schildkraut* argued the cause for appellant (*Messrs. Kahn & Schildkraut,* attorneys).

*Mr. Philip M. Chamberlin* (*Mr. Charles C. Wacks,* attorney), submitted a brief for respondent.

The opinion of the court was delivered

PER CURIAM. Respondent's complaint in the District Court alleges that he entered into an agreement with defendant to do the paperhanging in approximately 75 to 80 rooms in the defendant's hotel; that he commenced the work contracted for, but was prevented by defendant from completing it. He states that the reasonable value of the work performed and the loss of profit on the work he was prevented from doing, was $500. At the trial, he abandoned his attempt to recover for loss of profits on the work he claims to have been prevented from doing.

The plaintiff testified that the defendant's manager orally agreed to pay him $14 for each small room papered and $28

for each large room; that he papered the lobby and two small rooms, for which he was paid $50 plus $28; that he also completed nine large rooms for which he billed defendant $252. A dispute arose over the amount of this bill and he was told to stop work. At that time, he had on hand unused paper for which he had paid $213. This the manager locked up. The court permitted him to amend his complaint to include a count for the paper.

Plaintiff admitted signing a written agreement to do the paperhanging in "approximately 75 to 80 rooms at $14 each. Rooms will be designated by the Manager." The paper does not mention a price of $28 for any rooms. Plaintiff testified that the contract was written down by a representative of defendant who told him it stated a price of $14 for the small and $28 for the large rooms; that plaintiff, not having his spectacles with him, could not read, and accepted the statement as true and so signed his name. However, the trial judge, sitting without a jury, seems to have considered that the rights of the parties were fixed by the writing rather than by the alleged oral agreement. Toward the close of plaintiff's cross-examination, he remarked, "You signed this agreement and I can't make a new agreement for you."

The court gave judgment for plaintiff in the sum of $200 and dismissed a counterclaim in which defendant sought damages for plaintiff's failure to paper all 75 or 80 rooms. Defendant appeals. The record on appeal includes no findings of fact or other basis for the judgment, but we may surmise that the trial judge awarded for the nine rooms at $14 each, $126: and for paper locked up by the manager and for interest, the difference between that amount and the total of $200. We do not understand, however, why the court below did not prepare and include in the record findings and conclusions pursuant to *Rule* 7:13–3.

The grounds of appeal require no extended discussion. Appellant urges that oral testimony was erroneously received to vary the terms of the written contract. The only objection to evidence of the oral agreement was made before the exist-

ence of the written contract had been established, and therefore the objection was properly overruled. Furthermore, it is clear that the judgment was not based on the alleged oral agreement of $28 a room, making $252 for the nine rooms.

■ That the court erroneously allowed the plaintiff to disregard the contract and proceed on the theory of a *quantum meruit*. It does not appear that judgment for the paper hung was based on anything except the written contract.

■ That there should have been a judgment for defendant on the counterclaim for damages caused by plaintiff's refusal to finish the job. Plaintiff testified that when he submitted the bill for the nine rooms at $28, the manager said, "There's a misunderstanding and you better stop work until I hear from the main office." At the manager's suggestion, plaintiff wrote a note explaining that $14 was too low a price and mailed it with his bill to the main office in Detroit. There is no persuasive evidence that plaintiff definitely refused to continue the work.

"You were willing to go ahead? Yes.
"If they paid you $28? He said, 'We'll straighten it out.'"

There is no claim by defendant that the manager, in fulfillment of the contract, designated additional rooms to be papered. In fine, defendant did not prove that plaintiff breached the contract.

The judgment is affirmed.